```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
STEVEN FISHER,

                    Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               10-CV-0677(JS)(ETB)
COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, and POLICE OFFICER JAMES
CRAWFORD,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Brian Kennedy, Esq.
                    909 Third Avenue, 28th Fl.
                    New York, NY 10022

For Defendants:     Sanjay V. Nair, Esq.
                    Pablo A. Fernandez, Esq.
                    Jennean R. Rogers, Esq.
                    Office of the Nassau County Attorney
                    1 West Street
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Steven Fisher ("Plaintiff") sued Nassau County (the "County"), the Nassau County Police Department (the "Police Department"), and Nassau County Police Officer James Crawford (collectively, "Defendants") for civil rights violations and state law torts arising out of Crawford's allegedly shackling Plaintiff and pushing him down a flight of stairs. Trial is scheduled to begin shortly, and the parties have filed cross-motions addressing the timeliness of Plaintiff's state law claims. Pending before the Court is Defendants' motion to

preclude Plaintiff's state law claims (Docket Entry 23) and Plaintiff's motion to strike Defendants' statute of limitations-based affirmative defense (Docket Entry 22). For the reasons that follow, Defendants' motion is GRANTED and Plaintiff's motion is DENIED. Plaintiff's state law claims against Nassau County and Officer Crawford are DISMISSED.

BACKGROUND

Plaintiff's case is relatively straightforward. He alleges that he was arrested on or about October 27, 2008 by the Nassau County Police Department. (Am. Compl. ¶ 8.) The following day, while still in custody, Officer Crawford shackled Plaintiff's hands and legs and pushed him down a flight of stairs at the police station. (Id. ¶ 9.) Plaintiff was injured in the fall, and Crawford denied him proper medical care. (Id.) Plaintiff asserts claims that (1) all Defendants violated his rights under the federal and New York State constitutions; (2) the County and the Police Department were negligent in training and supervising Officer Crawford; (3) the County and the Police Department were negligent in hiring Officer Crawford; (4) Officer Crawford assaulted Plaintiff; and (5) Officer Crawford battered Plaintiff.

Plaintiff, proceeding pro se, sent Nassau County a notice of claim on April 14, 2009 that named "Laura Kase Worker," "C/O Officer Crawford," "Nassau County Corr. Facility

2

and Sheriff Dept." and the "Nassau University Medical Center" (the "Notice of Claim"). The Notice of Claim explained that:

> Prior to being taken to court on 10 29 08 the officers displayed deliberate indifference to the claimant's medical needs. Officer Crawford used excessive and inappropriate restraints, by placing a singele [sic] small set of handcuffs and shackles inappropriate for the size of claimant causing the fall down a flight of stairs by the claimant. Officer Crawford used inappropriate force causing the claimant to fall down a flight of stairs causing permanent injury and the loss of hearing in the claimant [sic] right ear. Officer Crawford used excessive force by kicking the complainant in the rectom [sic] causing bleeding which continue [sic] to this day.
>
> Officer Crawford's use of force was racially motivated as evidenced by his statement "I heard you niggers from the 5 Boro's [sic] like it up the ass."
>
> The medical staff of the NCCC displayed deliberate indifference to the claimant's medical needs by failing to respond to the claimant's sick call requests to follow up on injuries received on 10/29/08. No response was made for two weeks.
>
> The case worker (Laura) at the NCCC was deliberately indifferent to the claimant's condition and participated in a conspiracy to conceal the injuries of the claimant from his family by having the claimant moved to different locations within the NCCC thus making the claimant unavailable for visits and consealing [sic] his injuries from his family.

(Def. Ex. A, Notice of Claim.)

3

On August 18, 2009, the County conducted a pre-suit examination of Plaintiff pursuant to New York General Municipal Law Section 50-h. Plaintiff testified that "sheriffs" assaulted him. (Def. Ex. B, Tr. of Plaintiff's 50-h Examination.)

On February 17, 2010, Plaintiff filed his original Complaint, which named "Officer Crawford" as a defendant and described him as "law enforcement personnel of the County of Nassau and the Nassau County Sheriff's Department." (Def. Ex. C, Complaint ¶¶ 7, 9.) In the Complaint, Plaintiff alleged that he was assaulted while in the "custody of Defendant Nassau County Sheriff's Department" (id. ¶ 8), and he described Crawford's actions as being taken "within the course and scope of [his] employment with Defendant County of Nassau and Defendant Nassau County Sheriff's Department" (id. ¶ 11).

According to Defendants, Defendants' counsel informed Plaintiff's counsel on November 12, 2010 that there were two Nassau County corrections officers named Crawford but that they did not match Plaintiff's description of a white male. (Def. Mot. in Limine 13.) Defendants' counsel maintains that during this conversation he asked Plaintiff's counsel whether "Officer Crawford" might be a different type of law enforcement officer (such as a police or court officer) but that Plaintiff's counsel denied that Crawford could be anything other than a corrections officer. (Id.; see also Def. Ex. L, Apr. 13, 2011 Ltr. to

4

Plaintiff's Counsel.) At one point in this litigation, Plaintiff's counsel apparently believed that Defendants' counsel falsely represented that there was no "Officer Crawford" among all of Nassau's law enforcement officers. (See Def. Ex. K, Apr. 6, 2011 Ltr.) Beyond a letter from Plaintiff's counsel containing that accusation (id.), there is no evidence to support his claim.

On March 21, 2011, Defendant's counsel received Plaintiff's medical records from the Nassau University Medical Center ("NUMC"). (Def. Ex. O.) Among other things, these records revealed that Police Officer James Crawford was involved with Plaintiff's arrest.

On August 10, 2011, the parties stipulated to an Amended Complaint that named "Police Officer James Crawford." Plaintiff filed the Amended Complaint on August 16, 2011.

DISCUSSION

Defendants argue that (1) Plaintiff's state law claims must be dismissed because Plaintiff did not comply with New York's notice of claim procedures and (2) Plaintiff's state law claims against Officer Crawford are time-barred. Plaintiff also requests that the Court sanction Defendant. (Pl. Mot. to Strike 10.) In essence, Plaintiff argues that his delay in naming Officer Crawford should be excused because Defendants failed to timely identify him and that, in any event, Plaintiff's claims

5

against Crawford relate back to the date of his original Complaint because Crawford's attorneys were on constructive notice of Crawford's potential liability. The Court addresses these arguments in turn.[1]

I. <u>Notice of Claim Requirements</u>

Plaintiff's negligence claims against the County must be dismissed because he did not comply with New York's notice of claim procedure. Among other things, Plaintiff's Notice of Claim is required to state the nature of his claim and "the time when, the place where and the manner in which the claim arose." N.Y. Mun. L. 50-e(2) (2010); <u>Phillipps v. N.Y. City Transit Auth.</u>, 68 A.D.3d 461, 462, 890 N.Y.S.2d 510, 512 (1st Dep't 2009). The Notice need not provide that information with "literal nicety or exactness"; rather, the test is whether the Notice provides facts sufficient to enable the County to investigate. <u>Phillipps</u>, 890 N.Y.S.2d at 512; <u>Baker v. Town of Niskayuna</u>, 69 A.D.3d 1016, 1017-1018, 891 N.Y.S.2d 749, 751 (3d

---

[1] The Court has a threshold concern about the timeliness of Plaintiff's original Complaint. The statute of limitations for tort claims against municipal defendants and their employees is one year and ninety days. N.Y. Gen. Mun. L. § 50-i. Plaintiff was allegedly assaulted on October 28, 2008. By the Court's calculations, Plaintiff's time to bring his tort claims against the County and Officer Crawford expired on January 26, 2010, but Plaintiff did not file his original Complaint until February 17, 2010. Plaintiff's tort claims appear to be time-barred, but because neither party raised this issue and because the arguments before the Court compel the same outcome, the Court declines to decide the pending motions on the strength of this analysis.

6

Dep't 2010). In evaluating the Notice of Claim, the Court may consider Plaintiff's General Municipal Law § 50-h examination testimony and any other evidence properly before it. Atwater v. Cnty. of Suffolk, 50 A.D.3d 713, 714-715, 855 N.Y.S.2d 226, 227-28 (2d Dep't 2008).

Here, Plaintiff's Notice of Claim did not satisfy the statutory requirements. Its shortcomings include its failure to identify the place of the alleged assault and its arguable misidentification of Defendant Crawford. The most significant of its defects, though, is its failure to indicate the legal theories on which Plaintiff now proceeds against the County. Nowhere in his Notice of Claim narrative does Plaintiff suggest that he planned to pursue negligent hiring and negligent supervision. This oversight is fatal to these causes of action. Ferlito v. Cnty. of Suffolk, No. 06-CV-5708, 2007 WL 4180670, at *1 (E.D.N.Y. Nov. 19, 2007) (dismissing negligent hiring and training claims where the notice of claim lacked facts to support them); see also Gagnon v. City of Saratoga Springs, 51 A.D.3d 1096, 1098-99, 858 N.Y.S.2d 797, 800-01 (3d Dep't 2008); Delgado v. N.Y. City Hous. Auth., 51 A.D.3d 570, 571, 858 N.Y.S.2d 163, 164 (1st Dep't 2008); Chieffet v. N.Y. City Transit Auth., 10 A.D.3d 526, 527, 782 N.Y.S.2d 56, 57 (1st Dep't 2004). Plaintiff may not file a late Notice of Claim with respect to these claims because the statute of limitations has

7

expired, see N.Y. Gen. Mun. Law § 50-e(5), and the Court cannot excuse these defects because the new theories would substantially alter the nature of Plaintiff's claims and are thus not within the notice of claim provision that permits amendments in certain circumstances. See N.Y. Gen. Mun. Law § 50-e(6); Ruggiero v. Suffolk Cnty. Police Dep't, 7 A.D.3d 605, 605, 775 N.Y.S.2d 904, 904 (2d Dep't 2004).

Accordingly, Plaintiff's negligence claims against the County are dismissed. The Court need not decide here whether the Notice of Claim was sufficient as to Plaintiff's state law claims against Office Crawford because, as discussed next, these claims fail on independent grounds.

II. Plaintiff's Claims against Crawford are Time-Barred

Plaintiff named Police Officer James Crawford as a defendant for the first time in his Amended Complaint, which he filed on August 16, 2011. (Docket Entry 18.) Under the circumstances of this case, Plaintiff's attempt to substitute Police Officer James Crawford for an improperly-named Corrections Officer Crawford is akin to adding a named defendant to replace a "John Doe" placeholder. As his Amended Complaint was filed well outside New York's one year and ninety day limitations period for tort claims against municipal employees, N.Y. Gen. Mun. Law § 50-i, Plaintiff may only add Police Officer Crawford to his case if he can show that the allegations in his

Amended Complaint relate back to those in his timely original Complaint. See, e.g., Tapia-Ortiz v. Doe, 171 F.3d 150, 151-52 (2d Cir. 1999); Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993) ("It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."); Felmine v. City of New York, No. 09-CV-3768, 2011 WL 4543268, *6 n.3 (E.D.N.Y. Sept. 29, 2011).

Plaintiff's claims against Crawford cannot be construed as timely under either the Federal Rules of Civil Procedure or New York law. Federal courts choosing between federal and state relation back doctrines should pick the "more forgiving principle of relating back." Wilson v. City of New York, No. 03-CV-2495, 2006 WL 2528468, at *2 (S.D.N.Y. Aug. 31, 2006) (quotation marks and citation omitted) (discussing Federal Rule of Civil Procedure 15(c)). In this case, federal law and New York law--even taking into account the full body of New York's Civil Practice Law and Rules ("CPLR"), see id.--are equally unavailing to Plaintiff.

The Amended Complaint does not fit within Federal Rule 15's relation back doctrine because Plaintiff cannot show that Officer Crawford was aware that he might be sued. Under Rule 15(c)(1)(C), an amendment adding a defendant relates back to a timely complaint when the claim against the new party arises out

of the same conduct or occurrence set forth in the original pleading and, within the time for serving the original pleading, the new party both (i) received notice of the action such that it would not be prejudiced in defending it, and (ii) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Here, Plaintiff argues that Crawford had constructive notice of the lawsuit because the Nassau County Attorney, who is defending both the County and Crawford in this case, was aware of the suit from the beginning. (Pl. Mot. to Strike 2.) The constructive notice doctrine applies where an attorney has clear knowledge of the new party's identity. See Velez v. Fogarty, No. 06-CV-13186, 2008 WL 5062601, at *5-6 (S.D.N.Y. Nov. 20, 2008) ("[I]n the majority of cases in this Circuit applying the constructive notice doctrine, the attorneys have clear knowledge of the identity of the unidentified defendant, within the limitations period, such that it would be logical to assume that a reasonable attorney would either (1) inform his client of the prospective lawsuit or (2) takes steps to begin preparing a defense."); see also Rodriguez v. City of New York, 10-CV-1849, 2011 WL 4344057, at *7 (S.D.N.Y. Sept. 7, 2011) (requiring clear knowledge of new party's identity). In this case, it is undisputed that the Nassau County Attorney did not have clear knowledge of Officer

Crawford's identity until it received Plaintiff's NUMC records on March 21, 2011, well beyond the 120-day service period. Thus, Plaintiff's Amended Complaint does not relate back under Rule 15.

Whether the claims against Officer Crawford should be construed as timely under New York law--an issue not briefed by Plaintiff--is a different question. As mentioned already, federal courts considering relation-back issues under New York law apply the entire body of New York limitations law, including New York's procedure for suing unknown defendants. See Wilson v. City of New York, No. 03-CV-2495, 2006 WL 2528468, at *2 (S.D.N.Y. Aug 31, 2006) (citing Adv. Cmte. Notes to Fed. R. Civ. P. 15). Under CPLR 1024, a plaintiff may sue an unknown defendant if he follows a three-step procedure. Williams v. United States, No. 07-CV-3018, 2010 WL 963474, at *12 (S.D.N.Y. Feb. 25, 2010) (report and recommendation) (citing Bumpus v. N.Y. City Transit Auth., 66 A.D.3d 26, 29-30, 883 N.Y.S.2d 99, 103-04 (2d Dep't 2009) adopted by 2010 WL 963465 (S.D.N.Y. Mar. 16, 2010)). First, the plaintiff must diligently seek the unknown defendant's identity prior to the expiration of the statute of limitations. Id. Second, the plaintiff must file a timely complaint that "fairly apprise[s] the party that she is the intended defendant." Id. (quoting Bumpus, 883 N.Y.S.2d at 104). Third, the plaintiff must identify and serve the

previously-unknown defendant within 120 days of his filing suit. Id. The 120-day period may be lengthened "upon good cause shown or in the interest of justice." Id. (quoting N.Y. C.P.L.R. 305-b). If a plaintiff meets these requirements, then the limitations period is tolled between the filing of his complaint and the day he serves the proper defendant. Williams, 2010 WL 963474, at *12. Here, there is no suggestion that Plaintiff diligently sought to learn Crawford's true identity prior to the running of the limitations period. This alone is fatal to Plaintiff's claims against Officer Crawford under CPLR 1024. Id. ("The failure to act diligently to ascertain the unidentified defendant's name subjects the complaint to dismissal as to that party." (internal quotation marks omitted)). Moreover, Plaintiff did not ascertain Crawford's identity and serve him within 120 days of filing his original Complaint, and he did not seek a good cause or interest of justice extension.

New York's relation-back doctrine is also unavailing. Under New York's relation-back rule, amendments relate back to timely filed pleadings when (1) the new claim arose out of the same "conduct, transaction or occurrence" as the original allegations; (2) "the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that

he will not be prejudiced in maintaining his defense on the merits"; and (3) "the new party knew or should have known that," but for a "mistake as to the identity of the proper parties, the action would have been brought against him as well." Coupal v. Buran, 87 N.Y.2d 173, 178, 661 N.E.2d 978, 981, 638 N.Y.S.2d 405, 408 (1995) (quoting Mondello v. N.Y. Blood Ctr., 80 N.Y.2d 219, 226, 604 N.E.2d 81, 590 N.Y.S.2d 19 (1992)). This test was "patterned largely after the Federal relation back rule," 661 N.E.2d 982, and, at least with respect to its third prong, it uses the same standard as Federal Rule 15. Sloane v. Town of Greenburgh, No. 01-CV-11551, 2005 U.S. Dist. LEXIS 16107, at *9-10 (S.D.N.Y. July 27, 2005). As already discussed, Officer Crawford did not have either actual or constructive knowledge of the suit within the applicable time period. Accordingly, New York's relation-back test does not save Plaintiff's case against Crawford.

III. Sanctions

Plaintiff asks the Court to sanction Defendants "for their behavior of either intentionally omitting or failing to investigate about Police Officer James Crawford." (Pl. Motion to Strike 10.) This motion is wholly without factual or legal support and it is flatly rejected. Moreover, Plaintiff's counsel is cautioned in the strongest terms that frivolous

13

motions for sanctions are themselves sanctionable. See, e.g., Homer v. Halbritter, 158 F.R.D. 236, 238 (N.D.N.Y. 1994)

## CONCLUSION

For the foregoing reasons, Defendants' motion to preclude Plaintiff's state law claims is GRANTED and Plaintiff's motion to strike is DENIED. Additionally, as the Police Department is an agency of Nassau County and thus not a suable entity in New York, see Human Res. Research & Mgmt. Grp., Inc. v. Cnty. of Suffolk, 687 F. Supp. 2d 237, 240 n.1 (E.D.N.Y. 2010), the Clerk of the Court is respectfully directed to terminate the Police Department as a party to this case.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: October  13 , 2011
Central Islip, New York